IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VANSHDEEP SINGH,

Petitioner,

vs.

JEROME J. KRAMER, Sheriff of Lincoln County Jail; DAVID J VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**7:26CV5020**

**ORDER TO SHOW CAUSE**

On October 22, 2026, through counsel, Petitioner Vanshdeep Singh, a native and citizen of India, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Filing 1 at 1 (¶ 2). Singh asserts that he "entered the United States on February 11, 2022, without inspection, while still a minor," and after DHS briefly detained him "pursuant to a Form I-200, Warrant for Arrest of Alien," he was "subsequently issued an Order of Release." Filing 1 at 1–2 (¶ 20). The Petition "challenges the Government's abrupt revocation of Petitioner Vanshdeep Singh's previously granted liberty without advance notice, without an individualized determination that he violated any condition of his release or presented a danger or flight risk, and without a pre-deprivation hearing." Filing 1 at 1 (¶ 1).

More specifically, in COUNT ONE of his Petition, Singh asserts a claim of "Violation of Petitioner's Fifth Amendment Right to Procedural Due Process," based on revocation of his liberty without due process protection as demonstrated by application of the three-step test in *Mathews v. Eldrige*, 424 U.S. 319, 335 (1976). Filing 1 at 18–21 (¶¶ 106–126). In COUNT TWO, Singh asserts

a claim of "Violation of the Immigration and Nationality Act — Unlawful Revocation of Previously Granted Release and Improper Application of Detention Authority," based on his assertion that the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), while controlling on the statutory question of whether he can be detained under 8 U.S.C. § 1225 or 8 U.S.C. § 1226, did not decide that placement in removal proceedings pursuant to 8 U.S.C. § 1229a alone necessarily establishes ineligibility for bond under § 1226(a) or the question of his detention after prior affirmative release on recognizance, which he now asserts must be answered in favor of his release. Filing 1 at 21–23 (¶¶ 127–144). In COUNT THREE, Singh asserts a claim of "Violation of the Fourth Amendment — Unreasonable Seizure and Warrantless Immigration Arrest," based on allegations that his October 12, 2026, arrest was effected by immigration officers without a warrant under § 1357(a)(2), so Respondents lacked the required individualized basis to conclude that he was likely to escape before a warrant could be obtained." Filing 1 at 24–25 (¶¶ 145–157) In COUNT FOUR, Singh asserts a claim of "Violation of Petitioner's Fifth Amendment Right to Substantive Due Process," based on allegations that "the abrupt revocation of his longstanding release, without an identified individualized justification and without meaningful consideration of his compliance history, constitutes an arbitrary exercise of governmental detention authority." Filing 1 at 25–26 (¶¶ 158–168). In COUNT FIVE, Singh asserts a claim of "Violation of the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706 — Arbitrary and Capricious Revocation of Prior Release," based on allegations that "to the extent the revocation [of his release] constitutes final agency action reviewable under the APA, Respondents acted arbitrarily and capriciously by failing to provide a reasoned explanation addressing the prior release determination, Petitioner's compliance history, and the circumstances warranting renewed detention." Filing 1 at 26–28 (¶¶ 169–181). As relief, Singh requests *inter alia* an order for his

immediate release from ICE custody and restoration of his previously granted release on recognizance or in the alternative an order for a prompt constitutionally adequate individualized custody hearing. Filing 1 at 28–29.

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus '*may* be granted.'" *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

It is not clear from Singh's Petition that he is not entitled to any relief at all. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). That said, the Court declines to "forthwith award the writ" based on no more than Singh's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention." *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Singh a very short time for a written reply after Respondents make their Returns but before any hearing. 28 U.S.C. § 2243 (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties'

briefs to decide whether or not to set a date and time for any show-cause hearing. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1. Petitioner Singh shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service.

2. Respondents shall make a return certifying the true cause of Singh's detention and why his Petition should not be granted not later than five business days after receiving Santacruz-Diaz's Petition and this Order to Show Cause. **Such return shall expressly address each of Singh's claims for habeas relief in his Petition**.

3. Petitioner Singh shall have three business days after Respondents file their return(s) to file any reply; and

4. Upon the filing of Respondents' return(s) and Singh's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 29th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge